Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIWANA ALLEN, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff(s),<br><br>　　　　-against-<br><br>CHARLES M IZZO A/K/A CHARLES M IZZO, ESQ. (NJ BAR 031331986) and JOHN DOES 1-25,<br><br>　　　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

    TIWANA ALLEN
    1282 South Merrimack Road
    Camden, NJ 08104

    CHARLES M IZZO A/K/A CHARLES M IZZO, ESQ. (NJ BAR 031331986)
    116 North 2nd Street, Suite 204
    Camden, New Jersey 08102

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that the Defendant, CHARLES M IZZO A/K/A CHARLES M

IZZO, ESQ. (NJ BAR 031331986) ("CHARLES M IZZO") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Camden County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CHARLES M IZZO is an attorney and maintains an office at 116 North 2nd Street, Suite 204, Camden, New Jersey 08102.

8. CHARLES M IZZO uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CHARLES M IZZO is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

12. This Action is properly maintained as a class action. The Classes are initially defined as:

**CLASS 1**

All New Jersey consumers who were sent communications (See Exhibit A), which included the alleged conduct and practices described herein.

**CLASS 2**

All New Jersey consumers that CHARLES M IZZO filed a Verified Landlord/Tenant complaint against while those consumers had their rent subsidized by a government agency and/or were receiving Section 8:

- Where there was a "Notice of Suspension" issued to the landlord, which covered the period described in the Verified Landlord/Tenant complaint; and/or

- Where the Verified Landlord/Tenant complaint requested attorney fees as part of the rent due.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection communications and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form communication and/or notice which was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said communication.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

  c.  <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to December 4, 2019, Plaintiff allegedly incurred a financial obligation to AAA REALTY & MANAGEMENT, LLC ("AAA MANAGEMENT").

19. Plaintiff allegedly incurred the AAA MANAGEMENT obligation in connection with a residential lease.

20. At all times relevant to this matter, Plaintiff received government assistance from the State of New Jersey, Department of Community Affairs, Division of Housing & Community Resources towards the monthly rental payments due to AAA MANAGEMENT. ("Section 8")

21. The AAA MANAGEMENT obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. Plaintiff incurred the AAA MANAGEMENT obligation by obtaining goods and services which were primarily for personal, family and household purposes.

23. The AAA MANAGEMENT obligation did not arise out of a transaction that was for non-personal use.

24. The AAA MANAGEMENT obligation did not arise out of a transaction that was for business use.

25. The AAA MANAGEMENT obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. AAA MANAGEMENT is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. On October 31, 2019, the State of New Jersey, Department of Community Affairs, Division of Housing & Community Resources issued a Notice of Suspension of Housing Assistance Payments Contract ("Notice of Suspension") to AAA MANAGEMENT for the rental unit occupied by Plaintiff. SEE EXHIBIT B

28. The Notice of Suspension became effective on November 30, 2019 and advised AAA MANAGEMENT that it breached its Housing Assistance Payments Contract by failing to maintain Plaintiff's rental unit. As a result, housing assistance payments were suspended until AAA MANAGEMENT took the required corrective action to the Plaintiff's rental unit.

29. Plaintiff tendered her required portion of the monthly rent payment to AAA MANAGEMENT for the months of December 2019 and January 2020 and all other months relevant to this matter.

30. On or before December 4, 2019, the alleged AAA MANAGEMENT obligation was referred to CHARLES M IZZO for the purpose of collection.

31. At the time the AAA MANAGEMENT obligation was referred to CHARLES M IZZO the AAA MANAGEMENT obligation was alleged to be past due.

32. At the time the AAA MANAGEMENT obligation was referred to CHARLES M IZZO the AAA MANAGEMENT obligation was alleged to be in default.

33. On or about December 4, 2019, Defendants caused a Verified Landlord/Tenant complaint to be filed against Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part, Docket No.: LT-10179-19 regarding the AAA MANAGEMENT obligation. ("December Verified Landlord/Tenant complaint") SEE EXHIBIT A.

34. The December Verified Landlord/Tenant complaint was approved by Defendant.

35. The December Verified Landlord/Tenant complaint was signed by Defendant.

36. The December Verified Landlord/Tenant complaint failed to identify Plaintiff's tenancy as being subsidized by either a federal or state program and/or that the rental unit was part of public housing.

> 6. ___ Check here if the tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing. SEE EXHIBIT A at ¶ 6.

37. The December Verified Landlord/Tenant complaint asserted that the Plaintiff owed $1,090 as base rent for December 2019.

38. This was false as Plaintiff made her portion of the payments due for monthly rent at all times relevant, and the remaining balance was not due because of the Notice of Suspension that was issued (SEE EXHIBIT B) and because Plaintiff's monthly rent obligation was established at $352 (SEE EXHIBIT C).

39. The December Verified Landlord/Tenant complaint asserted that the Plaintiff owed $200 for attorney fees.

40. The December Verified Landlord/Tenant complaint further asserted that the $200 for attorney fees was permitted to be charged as rent.

41. The December Verified Landlord/Tenant complaint asserted that:

> These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. SEE EXHIBIT A at ¶ 9B.

42. Plaintiff was served with the December Verified Landlord/Tenant complaint.

43. The December Verified Landlord/Tenant complaint was sent to Plaintiff in connection with the collection of the AAA MANAGEMENT obligation.

44. The December Verified Landlord/Tenant complaint is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. Upon receipt, Plaintiff read and relied on the statements contained in the December Verified Landlord/Tenant complaint.

46. Defendant filed the December Verified Landlord/Tenant complaint asserting a balance due from Plaintiff for December 2019 as well as an amount for attorney fees ($200) which became part of the rent due even though the Notice of Suspension became effective November 30, 2019, and Plaintiff continued making her required portion of the rent payments in December 2019 and January 2020.

47. The December Verified Landlord/Tenant complaint caused Plaintiff to suffer severe emotional distress and other damages, including out of pocket expenses.

48. CHARLES M IZZO knew or should have known that his actions violated the FDCPA.

49. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

50. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

   (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Falsely representing the character, amount or legal status of any debt;

   (d) Falsely representing any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt;

    (e)    Falsely representing or implying that an attorney was meaningfully involved in the collection of a debt;

    (f)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (g)    Falsely representing or implying that the Verified Landlord/Tenant complaint are valid legal process and documents; and

    (h)    Violating Plaintiff's rights under the FDCPA as described herein.

51. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

52. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant's communications would cause the least sophisticated consumer to be confused about his or her rights.

55. Defendant's communications would cause the least sophisticated consumer to believe that the complaint was properly filed and that the amounts requested were correct and legally due.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

57. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

58. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59. Section 1692e(2)(A) prohibits the false representation of the character, amount or legal status of any debt.

60. Defendants' conduct as described herein violated 15 U.S.C. § 1692e(2)(A).

61. Section 1692e(2)(B) prohibits the false representation of any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt.

62. Defendants' violated 15 U.S.C. § 1692e(2)(B) by improperly requesting attorney fees.

63. Defendants' violated 15 U.S.C. § 1692e(3) by falsely representing and/or implying that an attorney was meaningfully involved in the collection of the debts.

64. Defendants' violated 15 U.S.C. § 1692e(4) by unlawfully filing Verified Landlord/Tenant complaints as described herein which sought the seizure of any property or money of any person.

65. Defendants' violated 15 U.S.C. § 1692e(5) by taking or threatening to take any action that cannot legally be taken.

66. Defendants' violated 15 U.S.C. § 1692e(9) by using or distributing any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

67. Defendants' violated 15 U.S.C. § 1692e(9) by filing improper Verified Landlord/Tenant complaints.

68. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69. Defendants' conduct as described herein violated 15 U.S.C. § 1692e(10).

70. Defendants' violated 15 U.S.C. § 1692e(13) by falsely representing or implying that improperly filed Verified Landlord/Tenant complaints were true legal process.

71. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

72. Defendants' violated 15 U.S.C. § 1692f(1) by seeking the collection of $200 in attorney fees.

73. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

74. "Because the FDCPA is a remedial statute, . . .we construe its language broadly, so as to effect its purpose."  Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006) (citations omitted).

75. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

76. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77. Plaintiff and others similarly situated were sent communications, which affected their decision-making with regard to the debt.

78. By filing false and deceptive Verified Landlord/Tenant complaints, Defendant unfairly burdened Plaintiff and others similarly situated.

79. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

80. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 4, 2020                              Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G

Hackensack, New Jersey 07601  
Phone (877) 827-3395 ex 102  
Cell Phone: (201) 803-6611  
Fax: (877) 827-3394  
ben@chulskykaplanlaw.com  
Attorneys for Plaintiff

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 4, 2020

*s/ Ben A. Kaplan*  
Ben A. Kaplan, Esq. (NJ 0337712008)  
CHULSKY KAPLAN, LLC  
280 Prospect Avenue, 6G  
Hackensack, New Jersey 07601  
Phone (877) 827-3395 ex 102  
Cell Phone: (201) 803-6611  
Fax: (877) 827-3394  
ben@chulskykaplanlaw.com  
Attorneys for Plaintiff